

## NUMBER 13-18-00621-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SANTIAGO JACOBO MARTINEZ,                                    APPELLANT,

V.

THE STATE OF TEXAS,                                          APPELLEE.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## ORDER

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

The reporter's record in this cause was due to be filed on January 16, 2019. On March 19, 2019, a portion of the reporter's record (volumes 1-3, 9-10, 12, 17-18, 24-36) was filed by court reporters Mark Kvapil, Adelaido Flores Jr., and Gloria Casiano. Reporter Julian Alderette filed a portion of the reporter's record (volumes 4-8, 11, and 13, 14-16, 19-22, 23) on March 21, 2019.

Volume 1 of the reporter's record indicates the arraignment hearing of April 27, 2016 taken by reporter Alderette is not available. On March 25, 2019, Alderette filed an affidavit with the Court stating his hard drive containing stenographic notes was dropped and damaged. He cannot provide a transcript of any hearings from 2016 because the files cannot be retrieved.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine if: (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

2

IT IS SO ORDERED.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
2nd day of April, 2019.